Reese, J.
delivered the opinion of the court.
Many questions of law and of fact, have been elaborately discussed here, with a view to the reversal of the judgment below. As, however, there is one ground upon which, we *278 think, the judgment should not only be z-eversed, but any judgment in the case be arrested, we do not deem it necessary in this record to inquire into and determine those other questions. ' The declaration, upon its face, sets out and describes the security which is the ground and foundation of the action in which the recovery is sought, as having in terms stipulated for, and reserved ten per cent, interest per annum. In this State six per cent, is the legal rate of interest. Beyond that is illegal. To take more than that is an indictable oifence.
It is true, that in equity, or by the equitable remedy furnished at law, in the act of 1835, the usurious excess alone is avoided on the plea of the defendant. But neither a court of law nor account of equity will lend its active aid to a plaintiff to enforce a contract, containing on its face and in terms illegal stipulations. This principle is a familiar one, and may be found illustrated and enforced in the case of Rains vs. Yerger, 3 Hump., and in the cases there referred to. If a party plaintiff brings into a court either of law or equity, an illegal contract that it may be enforced, and this illegality be shown and set forth by himself, and not disclosed by plea or allegation from the defendant, it is the duty of either court on grounds of public policy, to repel the plaintiff and refuse its action on his behalf. This principle was enforced about 1830, at Jonesborough, in the case of Black vs. Carmichael, where the bill charged that Carmichael was a partner in a case where a note had been given, reserving on its face, ten per cent, interest. I was counsel in the case for Carmichael, the defendant.
We think the principle a very plain one, and fully applicable to this case. There is nothing in the case of Reed vs. Moore, Meigs, 80, which presents the slightest obstacle to the view we take of this case.
That case asserts no more than the act of Assembly asserts, namely, that only the excess of interest shall be avoided on the plea of the defendant.
Let the judgment be reversed and arrested.